(Revised 12/11)

## United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| Case Title: Victory Records, Inc. | Plantiff(s) |
| VS. | |
| Tomas Kalnoky individually and doing business as Streetlight Manifesto | Defendant(s) |

Case Number:  1:15-cv-09180          Judge:  Zagel

I,  Will Parsons                                    hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Tomas Kalnoky and Streetlight Manifesto                    by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | DateAdmitted |
|---|---|
| Tennessee State and Federal Courts | September 2007 |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if
necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

**Has the applicant designated local counsel?    Yes** ✓        **No** ☐

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

**censured, suspended, disbarred, or otherwise disciplined by any court?**    Yes ☑    No ☐

**or is the applicant currently the subject of an investigation of the applicant's professional conduct?**    Yes ☐    No ☑

**transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court?**    Yes ☐    No ☑

**denied admission to the bar of any court?**    Yes ☐    No ☑

**held in contempt of court?**    Yes ☐    No ☑

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

2/1/2016

S/ Will Parsons

Date         Electronic Signature of Applicant

| Applicant's Name | Last Name<br><br>Parsons | | First Name<br><br>William | Middle Name/Initial<br><br>V. |
|---|---|---|---|---|
| Applicant's Law Firm | Shackelford, Bowen, McKinley & Norton, LLP | | | |
| Applicant's Address | Street Address<br><br>47 Music Sq. E. | | | Room/Suite Number |
| | City<br><br>Nashville | State<br><br>TN | ZIP Code<br><br>37203 | Work Phone Number<br><br>615-329-4440 |

**(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk.  No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

**NOTE:** Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $176.00  The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed after that date.  Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

My bar license with the State of Tennessee was briefly suspended in late August or early September 2011 for failure to pay a fee associated with my CLE requirements. Upon notification, I immediately paid all outstanding fees and was promptly reinstated.

In July 2011, I received notice that I was on the Tennessee Supreme Court's draft suspension order because I was 0.33 hours short of my CLE credit requirements. I was further notified that I owed a $200 non-compliance fee. I immediately satisfied my CLE credit requirements with a July 13, 2011, 2.0 hour CLE course at the offices of the Nashville Bar. I arranged with my office to pay the $200 non-compliance fee. Shortly thereafter, however, I changed employers and I believe my non-compliance fee went unpaid as a result. Further, I did not receive notice that I had failed to pay the $200 non-compliance fee because such notice was sent to my former employer. When a colleague informed me she had seen my name on the suspension order, I immediately contacted the Tennessee Commission on CLE and Specialization, paid all outstanding fees, and was reinstated immediately.

I am currently in good standing before the Courts of the State of Tennessee.