## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| VICTORY RECORDS, INC.,<br><br>                                 Plaintiff,<br>    -against-<br><br>TOMAS KALNOKY, individually and doing business as STREETLIGHT MANIFESTO,<br><br><br>                                Defendant. | Civil No. 1:15-cv-09180<br><br><br><br><br>**AMENDED ANSWER TO COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Victory Records, Inc. (hereinafter "Plaintiff"), by its attorneys Meloni & McCaffrey, A Professional Corporation, as and for its Amended Answer to Counterclaims, responds as follows:

### <u>RESPONSE TO AFFIRMATIVE DEFENSES</u>

Plaintiff incorporates herein by reference in their entirety Plaintiff's allegations set forth in paragraphs 1 through 98 of the Complaint filed in this action as if fully restated herein, and, to the extent they have been repeated, re-alleged and re-asserted, individually and cumulatively rejects as false the Defendant's answering allegations, excuses and affirmative defenses in paragraphs 1 through 98 of their Answer with Counterclaims (including without limitation, those allegations in their un-numbered "Introductory" Paragraph, First Affirmative Defense, and Affirmative Defenses 3-10).

## RESPONSE TO COUNTERCLAIMS

1. Paragraph 1 of Defendant's Counterclaims contains legal conclusions or argument, to which no response is required.

2. a. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 2 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 2 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 2 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 2 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

e. Plaintiff admits the allegations in the fifth sentence of paragraph 2 of Defendant's Counterclaims.

f. Plaintiff admits the allegations in the sixth sentence of paragraph 2 of Defendant's Counterclaims.

g. Plaintiff admits the allegations in the seventh sentence of paragraph 2 of Defendant's Counterclaims.

3. a. Plaintiff admits the allegations in the first sentence of paragraph 3 of Defendant's Counterclaims, and avers that the 2002 Agreement was amended by written

agreement dated February 14, 2013 which was signed by "Tomas Kalnoky, professionally known as "Streetlight Manifesto" (the "2013 Amendment") (hereafter, both the 2002 Agreement and the 2013 Amendment will be collectively referred to as the "2002 Agreement"). To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 3 of Defendant's Counterclaims, avers that Tomas Kalnoky was a party to the 2002 Agreement, and refers the court to the "2002 Agreement" for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

c.      Plaintiff denies the allegations in the third sentence of paragraph 3 of Defendant's Counterclaims and refers the court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d.      Plaintiff denies the allegations in the fourth sentence of paragraph 3 of Defendant's Counterclaims and refers the court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

e.      Plaintiff denies the allegations in the fifth sentence of paragraph 3 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

f.      Plaintiff denies the allegations in the sixth sentence of paragraph 3 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true

wording, import and meaning. To the extent it contains legal conclusions, no response is required.

g. Plaintiff denies the allegations in the seventh sentence of paragraph 3 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

4. a. Plaintiff denies the allegations in the first sentence of paragraph 4 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies the allegations in the second sentence of paragraph 4 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies the allegations in the third sentence of paragraph 4 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies the allegations in the fourth sentence of paragraph 4 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

5. a.    Plaintiff admits the allegations in the first sentence of paragraph 5 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.    Plaintiff denies the allegations in the second sentence of paragraph 5 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

6. a.    Plaintiff admits the allegations in the first sentence of Paragraph 6 of Defendant's Counterclaims and refers the court to the "2002 Agreement" for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.    Plaintiff admits the allegations in Footnote 2 of Paragraph 6 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

c.    Plaintiff denies the allegations in the second sentence of Paragraph 6 of Defendant's Counterclaims and refers the court to the "2002 Agreement" for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

7. a.    Plaintiff denies the allegations in the first sentence of Paragraph 7 of Defendant's Counterclaims, as qualified by Defendant, and refers the Court to the 2002

Agreement for its true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

   b.   Plaintiff denies the allegations in the second sentence of Paragraph 7 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

   8.   Plaintiff admits the allegations of paragraph 8 of Defendant's Counterclaims, and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

   9.   Plaintiff admits the allegations of paragraph 9 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

   10.   a.   Plaintiff denies the allegations in the first sentence of paragraph 10 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

   b.   Plaintiff admits the allegations in the second sentence of paragraph 10 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

   c.   Plaintiff denies the allegations in the third sentence of paragraph 10 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d.      Plaintiff denies the allegations in the fourth sentence of paragraph 10 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

11. a.      Plaintiff admits the allegations in the first sentence of paragraph 11 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 11 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

12. a.      Plaintiff denies the allegations in the first sentence of paragraph 12 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 12 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

13. a.      Plaintiff denies the allegations in the first sentence of paragraph 13 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true

wording, import and meaning. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 13 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies the allegations in the third sentence of paragraph 13 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies the allegations in the fourth sentence of paragraph 13 of Defendant's Counterclaims and refers the Court to the Recording Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

e. Plaintiff denies the allegations in the fifth sentence of paragraph 13 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.

14. Plaintiff denies the allegations in paragraph 14 of Defendant's Counterclaims, as qualified by Defendant, and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

15. a. Plaintiff admits the allegations in the first sentence of paragraph 15 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b.      Plaintiff admits the allegations of the second sentence of paragraph 15 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

c.      Plaintiff admits the allegations in the third sentence of paragraph 15 of Defendant's Counterclaims and refers the court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

16. a.      Plaintiff admits the allegations in the first sentence of paragraph 16 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff admits the allegations in the second sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

c.      Plaintiff admits the allegations in the third sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

d.      Plaintiff admits the allegations in the fourth sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and

true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

e.     Plaintiff denies the allegations in the fifth sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

f.     Plaintiff denies the allegations in the sixth sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

g.     Plaintiff denies the allegations in the seventh sentence of paragraph 16 of Defendant's Counterclaims and avers that there was a separate agreement concerning the release of the album "Keasbey Nights" and refers the Court to the referenced emails for their full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

17. a.     Plaintiff admits the allegations in the first sentence of paragraph 17 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b.     Plaintiff admits the allegations in the second sentence of paragraph 17 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

c.        Plaintiff admits the allegations in the third sentence of paragraph 17 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

18. a.        Plaintiff admits the allegations in the first sentence of paragraph 18 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.        Plaintiff admits the allegations in the second sentence of paragraph 18 of Defendant's Counterclaims and refers the Court to the 2008 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

c.        Plaintiff admits the allegations in the third sentence of paragraph 18 of Defendant's Counterclaims and refers the Court to the 2008 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

19. a.        Plaintiff admits the allegations in the first sentence of paragraph 19 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.        Plaintiff denies the allegations in the second sentence of paragraph 19 of Defendant's Counterclaims, and avers that the referenced "2013 Agreement" was the "2013 Amendment" between Victory and "Tomas Kalnoky professionally known as Streetlight Manifesto", referred to in paragraph 6 above, and refers the Court to the 2002 Agreement and the "2013 Agreement" for their full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies the allegations in the third sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2013 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies the allegations in the fourth sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2013 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

e. Plaintiff denies the allegations in the fifth sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2013 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

f. Plaintiff denies the allegations in the sixth sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2013 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

g. Plaintiff admits the allegations in the seventh sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

h. Plaintiff denies the allegations in the eighth sentence of paragraph 19 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true

wording, import and meaning. To the extent it contains legal conclusions, no response is required.

20. a. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 20 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 20 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 20 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 20 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

e. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of paragraph 20 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

21. a. Plaintiff denies the allegations in the first sentence of paragraph 21 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

b. Plaintiff admits the allegations in the second sentence of paragraph 21 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

c.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 21 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

d.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 21 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

e.       Plaintiff denies the allegations in the fifth sentence of paragraph 21 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

22. a.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 22 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 22 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

c.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 22 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

d.       Plaintiff denies the allegations in the fourth sentence of paragraph 22 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

23. a.       Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 23 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 23 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

c.     Plaintiff denies the allegations in the third sentence of paragraph 23 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

24. a.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 24 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 24 of Defendant's Counterclaim.  To the extent it contains legal conclusions, no response is required.

c.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 24 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

d.     Plaintiff denies the allegations in the fourth sentence of paragraph 24 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

25. a.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 25 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.     Plaintiff denies the allegations in the second sentence of paragraph 25 of Defendant's Counterclaims but avers that Victory did send notice to Kalnoky that a release of the Toh Kay album "The Hand That Thieves" would be a breach of the 2002 Agreement and an

infringement of Victory's copyrights. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 25 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies the allegations in the fourth sentence of paragraph 25 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

26. a. Plaintiff denies the allegations in the first sentence of paragraph 26 of Defendant's Counterclaims and refers the Court to the 2002 Agreement and the 2008 Agreement for their full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies the allegations in the second sentence of paragraph 26 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

c. Plaintiff denies the allegations in the third sentence of paragraph 26 of Defendant's Counterclaim and refers the Court to the 2002 Agreement and the 2008 Agreement for their full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

d. Plaintiff denies the allegations in the fourth sentence of paragraph 26 of Defendant's Counterclaims but avers that Victory claimed an offset of its damages as against monies that may be otherwise due to Streetlight Manifesto. To the extent it contains legal conclusions, no response is required.

27. a. Plaintiff admits the allegations in the first sentence of paragraph 27 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 27 of Defendant's Counterclaims, except admits that Streetlight Manifesto advised Victory of its contention that Victory was in material breach of the 2002 Agreement and refers the Court to the purported "September 18, 2015 Letter" for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

28. a.      Plaintiff denies the allegations in the first sentence of paragraph 28 of Defendant's Counterclaims except avers that the attorneys for "Streetlight Manifesto and its principal member, Tomas Kalnoky (collectively 'Streetlight Manifesto')" advised Victory of its contention that Victory was in material breach and refers the Court to the purported September 18, 2015 Letter for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 28 of Defendant's Counterclaims except avers that the attorneys for "Streetlight Manifesto and its principal member, Tomas Kalnoky (collectively 'Streetlight Manifesto')" advised Victory of its contention that Victory was in material breach and refers the Court to the purported September 18, 2015 Letter for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

29. a.      Plaintiff denies the allegations in the first sentence of paragraph 29 of Defendant's Counterclaims except avers that the attorneys for "Streetlight Manifesto and its principal member, Tomas Kalnoky (collectively 'Streetlight Manifesto')" advised Victory to cure the alleged breaches in 30 days and refers the Court to the purported September 18, 2015 Letter for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 29 of Defendant's Counterclaims except avers that the attorneys for "Streetlight Manifesto and its principal member, Tomas Kalnoky (collectively 'Streetlight Manifesto')" advised Victory that if Victory did not cure the alleged breaches in 30 days the 2002 Agreement would result in its termination and refers the Court to the purported September 18, 2015 Letter for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

30. a.      Plaintiff denies the allegations in the first sentence of paragraph 30 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

b.      Plaintiff denies the allegations in the second sentence of paragraph 30 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

## RESPONSE TO COUNT I
### (Breach of Contract)

31.      Plaintiff repeats, re-alleges and re-asserts each and every allegation in paragraphs 1 through 30 of its Answer to Counterclaims as though fully set forth herein.

32.      Plaintiff denies the allegations in Paragraph 32 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

33.      Plaintiff denies the allegations in Paragraph 33 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

34.      Plaintiff denies the allegations in Paragraph 34 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

35.     Plaintiff denies the allegations in Paragraph 35 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

36. a.     Plaintiff denies the allegations in the first sentence in Paragraph 36 of Defendant's Counterclaims and refers the Court to the "Catch 22 Agreement" for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.     Plaintiff denies the allegations in the second sentence in Paragraph 36 of Defendant's Counterclaims and refers the Court to the "Catch 22 Agreement" for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

c.     Plaintiff denies the allegations in the third sentence in Paragraph 36 of Defendant's Counterclaims and refers the Court to the "Catch 22 Agreement" for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

d.     Plaintiff denies the allegations in the fourth sentence in Paragraph 36 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

37.     Plaintiff denies the allegations in Paragraph 37 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

## RESPONSE TO COUNT II
### (Declaratory Judgment)

38.     Plaintiff repeats, re-alleges and re-asserts each and every allegation in paragraphs 1 through 37 of its Answer to Counterclaims as though fully set forth herein.

39.     Plaintiff denies the allegations in Paragraph 39 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

40. a.     Plaintiff admits the allegations in the first sentence in Paragraph 40 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

b.     Plaintiff denies the allegations in the second sentence in Paragraph 40 of Defendant's Counterclaims.  To the extent it contains legal conclusions, no response is required.

41. a.     Plaintiff admits that Defendant seeks the relief set forth in the allegations in the first sentence in Paragraph 41 of Defendant's Counterclaims but denies that Defendant is entitled thereto.  To the extent it contains legal conclusions, no response is required.

b.     Plaintiff admits that Defendant seeks the relief set forth in the allegations in the second sentence in Paragraph 41 of Defendant's Counterclaims but denies that Defendant is entitled thereto.  To the extent it contains legal conclusions, no response is required.

42.     Plaintiff denies the allegations in Paragraph 42 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning.  To the extent it contains legal conclusions, no response is required.

43. a.     Plaintiff admits that Defendant seeks the relief set forth in the allegations in the first sentence in Paragraph 43 of Defendant's Counterclaims but denies that Defendant is entitled thereto.  To the extent it contains legal conclusions, no response is required.

b. Plaintiff admits that Defendant seeks the relief set forth in the allegations in the second sentence in Paragraph 43 of Defendant's Counterclaims but denies that Defendant is entitled thereto. To the extent it contains legal conclusions, no response is required.

44. Plaintiff denies the allegations in Paragraph 44 of Defendant's Counterclaims and refers the Court to the 2002 Agreement for its full and true wording, import and meaning. To the extent it contains legal conclusions, no response is required.

45. Plaintiff admits that Defendant seeks the relief set forth in the allegations in Paragraph 45 of Defendant's Counterclaims but denies that Defendant is entitled thereto. To the extent it contains legal conclusions, no response is required.

46. a. Plaintiff denies the allegations in the first sentence in Paragraph 46 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

b. Plaintiff denies the allegations in the second sentence in Paragraph 46 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

47. Plaintiff admits that Defendant seeks the relief set forth in the allegations in Paragraph 47 of Defendant's Counterclaims but denies that Defendant is entitled thereto. To the extent it contains legal conclusions, no response is required.

**RESPONSE TO COUNT III**
**(Unjust Enrichment)**

48. Plaintiff repeats, re-alleges and re-asserts each and every allegation in paragraphs 1 through 47 of its Answer to Counterclaims as though fully set forth herein.

49. Plaintiff denies the allegations in Paragraph 49 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

50. Plaintiff denies the allegations in Paragraph 50 of Defendant's Counterclaims. To the extent it contains legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims, individually and collectively, fail to state a claim as a matter of law.

### SECOND AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred, precluded or limited, in whole or part, by the Defendant's Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred, precluded or limited, in whole or part, by the doctrines of Waiver and Estoppel.

### FOURTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred, precluded or limited, in whole or part, by the doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred, precluded or limited, in whole or part, because of Defendant's material breaches of the Agreement.

### SIXTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred, precluded or limited, in whole or part, by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Breach of Contract Counterclaim under the 2002 Agreement is barred, precluded or limited, in whole or part, because Defendant failed to comply with the 2002 Agreement's "notice and cure" provision.

**EIGHTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS**

The Breach of Contract Counterclaim under the 2002 Agreement is barred, precluded or limited, in whole or part, because Defendant failed to make any objection to the statement(s) of account rendered by Plaintiff, in accordance with paragraph 9(b), which paragraph rendered any statement for which no objection was made binding on Defendant after the expiration of the "Objection Period" – which ends on the one year anniversary of the date a particular statement of account was rendered to Defendant.

**NINTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS**

The Breach of Contract Counterclaim under the 2002 Agreement is barred, precluded or limited, in whole or part, because Defendant failed to commence an action or proceeding for breach of contract within the one-year period after the end of the applicable "Objection Period" for the statement(s) of account rendered by Plaintiff, in accordance with paragraph 9(b), which paragraph barred such claims after the expiration of that one year period.

**TENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS**

The Breach of Contract Counterclaim under the 1998 Catch 22 Agreement must be dismissed under Fed. R. Civ. P 19 for failure to include an indispensable party – *i.e.*, the five "Artist" signatories to that agreement who were not joined as parties to this action.

**ELEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS**

The Breach of Contract Counterclaim under the Catch 22 Agreement is barred, precluded or limited, in whole or part, because Defendant failed to make any objection to the statement(s) of account rendered by Plaintiff, in accordance with paragraph 14(B), which paragraph rendered any statement for which no objection was made binding on Defendant after the expiration of the

"Objection Period" – which ends on the two year anniversary of the date a particular statement of account was rendered to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

As an Affirmative Defense, Defendant is estopped by his own acts, conduct, or omissions, from obtaining relief against the Plaintiff.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to assert such other and further affirmative defenses as may be disclosed during the course of discovery in this action.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      An order entering judgment on the Counterclaims in favor of Plaintiff and that the Defendant take nothing by his Counterclaims, dismissing the Counterclaims in their entirety, with prejudice; and

2.      Awarding Plaintiff its costs of suit, including its reasonable attorneys' fees incurred in defending the Counterclaims; and

3.      That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Dated: February 23, 2017

Yours, etc.,

MELONI & McCAFFREY
A Professional Corporation
By: /s/Robert S. Meloni
Robert S. Meloni, *pro hac vice*
Thomas P. McCaffrey, *pro hac vice*
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel:  (212) 520-6090

LEVENFELD PEARLSTEIN, LLC
By: /s/ Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiff Victory Records, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 23, 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jay S. Bowen, Esq.
Will Parsons, Esq.
SHACKELFORD, BOWEN, ZUMWALT & HAYES, LLC
47 Music Square East
Nashville, Tennessee 37203
Email: wparsons@shackelfordlaw.net

Vangelis Economou, Esq.
IL Bar No. 6185336
ECONOMOU IP LAW
315 South Plymouth Court, Suite 1110
Chicago, IL 60604
Email: Van@EconomouIP.com

Dated: February 23, 2017

By: /s/ Robert S. Meloni