**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **VICTORY RECORDS, INC.,** | ) | |
| | ) | **Civil Action No. 1:15-cv-09180** |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **v.** | ) | **JUDGE LEE** |
| | ) | |
| **TOMAS KALNOKY, individually and doing** | ) | |
| **business as STREETLIGHT MANIFESTO,** | ) | |
| | ) | |
| **Defendants/Counter-Plaintiffs.** | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Tomas Kalnoky, individually and doing business as Streetlight Manifesto

("Defendant")[1] hereby files this Answer to the Second Amended Complaint (the "Complaint") of

Victory Records, Inc. ("Victory") and states as follows:

**FIRST DEFENSE**

Victory fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Answers in response to numbered paragraphs)**

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in the first sentence of Paragraph 2 of the

Complaint. Defendant denies the allegations in the second sentence of Paragraph 2 of the

Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4-5. Defendant admits the allegations in Paragraphs 4 and 5 of the Complaint.

---

[1] For the reasons set forth herein and in his Counterclaim and previously-filed Motion to Dismiss, Kalnoky disputes that he is properly named as a party to this action and that he, individually, is equivalent to the band, Streetlight Manifesto.

6.      In response to the allegations in Paragraph 6 of the Complaint, Defendant avers that the referenced document speaks for itself.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      In response to the allegations in Paragraph 8 of the Complaint, Defendant avers that the referenced document speaks for itself.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11-16.  Defendant admits the allegations in Paragraphs 11 through 16 of the Complaint.

17-18.  Defendant admits the allegations in Paragraphs 17 and 18 of the Complaint.

19-21.  Defendant admits the allegations in Paragraphs 19 through 21 of the Complaint.

22-24.  In response to the allegations in Paragraphs 22 through 24 of the Complaint, Defendant avers that the referenced document speaks for itself.

25-26.  Defendant admits the allegations in Paragraphs 25 and 26 of the Complaint.

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendant avers that the referenced document speaks for itself.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29-30.  Defendant denies the allegations in Paragraphs 29 and 30 of the Complaint.

31-32.  In response to the allegations in Paragraphs 31 and 32 of the Complaint, Defendant avers that the referenced documents speak for themselves.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34-36.  Defendant admits the allegations in Paragraphs 34 through 36 of the Complaint.

37.     Defendant denies the allegations in the first sentence of Paragraph 37 of the Complaint.  Defendant admits the allegations in the second, third, and fourth sentences of

Paragraph 37 of the Complaint. Defendant denies the allegations in the fifth sentence of Paragraph 37 of the Complaint.

38. Defendant denies the allegations in the first sentence of Paragraph 38 of the Complaint. Defendant admits the allegations in the second and third sentences of Paragraph 38 of the Complaint. Defendant denies the allegations in the fourth sentence of Paragraph 38 of the Complaint.

39. Defendant denies the allegations in the first sentence of Paragraph 39 of the Complaint. Defendant admits the allegations in the second and third sentences of Paragraph 39 of the Complaint. Defendant denies the allegations in the fourth sentence of Paragraph 39 of the Complaint.

40. Defendant denies the allegations in the first sentence of Paragraph 40 of the Complaint. Defendant admits the allegations in the second and third sentences of Paragraph 40 of the Complaint. Defendant denies the allegations in the fourth sentence of Paragraph 40 of the Complaint.

41-42. Defendant denies the allegations in Paragraphs 41 and 42 of the Complaint.

43. Defendant admits the allegations in Paragraph 43 of the Complaint.

44-45. Defendant denies the allegations in Paragraphs 44 and 45 of the Complaint.

46-47. Defendant denies the allegations in Paragraphs 46 and 47 of the Complaint.

48-49. Defendant admits the allegations in Paragraph 48 and 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant incorporates its responses to the allegations in Paragraphs 1 through 50 of the Complaint.

52-56. Defendant denies the allegations in Paragraphs 52 through 56 of the Complaint.

57.     Defendant admits the allegations in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     In response to the allegations in Paragraph 59 of the Complaint, Defendant avers that the referenced document speaks for itself.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant admits the allegations in Paragraph 61 of the Complaint.

62-69.   Defendant denies the allegations in Paragraphs 62 through 69 of the Complaint.

70.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 69 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 71 of the Complaint.

72-77.   Defendant denies the allegations in Paragraphs 72 through 77 of the Complaint.

78.     Defendant admits the allegations in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 79 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     In response to the allegations in Paragraph 83 of the Complaint, Defendant avers that the referenced document speaks for itself.

84. The allegations in Paragraph 84 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85-87. Defendant denies the allegations in Paragraphs 85 through 87 of the Complaint.

88. Defendant admits the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant incorporates its responses to the allegations in Paragraphs 1 through 89 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant admits the allegations in Paragraph 92 of the Complaint.

93-94. In response to the allegations in Paragraphs 93 and 94 of the Complaint, Defendant avers that the referenced document speaks for itself.

95. The allegation in Paragraph 95 of the Complaint is a legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 95 of the Complaint.

96-97. Defendant denies the allegations in Paragraphs 96 and 97 of the Complaint.

98. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint.

99-104. Defendant denies the allegations in Paragraphs 99 through 104 of the Complaint.

105. Defendant incorporates its responses to the allegations in Paragraphs 1 through 104 of the Complaint.

106-107.     Defendant admits the allegations in Paragraphs 106 and 107 of the Complaint.

108-109.     In response to the allegations in Paragraphs 108 and 109 of the Complaint, Defendant avers that the referenced document speaks for itself.

110.     The allegation in Paragraph 110 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 110 of the Complaint.

111-112.     Defendant denies the allegations in Paragraphs 111 and 112 of the Complaint.

113.     Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Complaint.

114-119.     Defendant denies the allegations in Paragraphs 114 through 119 of the Complaint.

## THIRD DEFENSE

Victory's claims are barred by the doctrine of first material breach.

## FOURTH DEFENSE

Victory's claims are barred by the terms of the 2002 Agreement.

## FIFTH DEFENSE

Victory has failed to mitigate its damages.

## SIXTH DEFENSE

Victory's claims are bared in whole or in part by the applicable statutes of limitation or by the doctrine of laches.

## SEVENTH DEFENSE

Victory's claims are bared in whole or in part by the doctrines of estoppel and waiver.

## EIGHTH DEFENSE

To the extent Victory seeks attorney's fees, its claim is barred by 17 U.S.C. § 412.

## NINTH DEFENSE

Victory failed to comply with the 2002 Agreement's "notice and cure" provision and, therefore, its breach of contract claims fail.

## TENTH DEFENSE

Victory's breach of contract claim(s) with respect to "The Hand that Thieves" fail because Defendant timely cured the alleged breach(es) upon notice from Victory.

Respectfully submitted,


/s Will Parsons
Will Parsons, TN Bar No. 26519 (admitted *pro hac vice*)
SHACKELFORD BOWEN MCKINLEY &
NORTON, LLP
47 Music Square East
Nashville, TN 37203
T: (615) 329-4440
wparsons@shackelfordlaw.net

Vangelis Economou, IL Bar No. 6185336
ECONOMOU IP LAW
315 South Plymouth Court, Suite 1110
Chicago, IL 60604
T: (847) 644-3500
Van@EconomouIP.com

*Attorneys for Defendants*

7

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed using the Court's Electronic Filing System on this the 22nd day of March 2017, and will be served through that System on all attorneys who have entered an appearance in this case, including:

Robert Meloni
Thomas McCaffrey
Meloni & McCaffrey, P.C.
3 Columbus Circle, 15th Floor
New York, New York 10019

Chris Heintskill
Levenfeld & Pearlstein, LLC
2 N. LaSalle St. Suite 1300
Chicago, Illinois  60602


/s Will Parsons