```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   VICTORY RECORDS, INC.,          )  Docket No. 15 C 9180
                                     )
 4                  Plaintiff,       )
                                     )
 5            v.                     )  Chicago, Illinois
                                     )  February 15, 2017
 6   TOMAS KALNOKY, individually     )  9:00 o'clock a.m.
     and doing business as           )
 7   Streetlight Manifesto,          )
                                     )
 8                  Defendant.       )

 9              TRANSCRIPT OF PROCEEDINGS - STATUS
                BEFORE THE HONORABLE JOHN Z. LEE
10
     APPEARANCES:
11
     For the Plaintiff:           MELONI & McCAFFREY, by
12                                MR. ROBERT S. MELONI
                                  3 Columbus Circle
13                                15th Floor
                                  New York, New York 10019
14                                (appearing telephonically)

15                                LEVENFELD PEARLSTEIN, by
                                  MR. CHRISTOPHER M. HEINTSKILL
16                                Two North LaSalle Street
                                  13th Floor
17                                Chicago, Illinois 60602

18   For the Defendant:           SHACKELFORD BOWEN ZUMWALT &
                                  HAYES, LLP, by
19                                MR. WILLIAM V. PARSONS, III
                                  47 Music Square East
20                                Nashville, Tennessee 37203
                                  (appearing telephonically)
21

22
                      ALEXANDRA ROTH, CSR, RPR
23                      Official Court Reporter
                       219 South Dearborn Street
24                           Room 1224
                        Chicago, Illinois 60604
25                         (312) 408-5038
```

```
 1   APPEARANCES:   (Continued)

 2                                   ECONOMOU IP LAW, by
                                     MR. VANGELIS ECONOMOU
 3                                   111 West Washington Street
                                     Suite 1301
 4                                   Chicago, Illinois 60602
```

```
1          (Proceedings had in open court:)
2              THE CLERK:  Case 15 C 9180, Victory Records versus
3    Kalnoky.
4              THE COURT:  Good morning.  Who do we have on the
5    phone?
6              MR. PARSONS:  Your Honor, this is Will Parsons in
7    Nashville for the defendant, Streetlight Manifesto and Thomas
8    Kalnoky.
9              MR. MELONI:  This is Robert Meloni, New York, for
10   plaintiff Victory Records.
11             MR. ECONOMOU:  Vangelis Economou for the defendant.
12             MR. HEINTSKILL:  Good morning, your Honor.
13   Christopher Heintskill, H-e-i-n-t-s-k-i-l-l, on behalf of the
14   plaintiff.
15             THE COURT:  Good morning, everyone.
16             So, Mr. Meloni, Mr. Parsons, I see that there have
17   been some hearings before Magistrate Judge Weisman.
18             Mr. Meloni, why don't you give me an update on where
19   things stand in the case, please.
20             MR. MELONI:  Well, we -- as far as discovery goes, we
21   have exchanged document demands.  And Mr. Parsons and I have
22   been discussing how to limit the amount of work we have to do
23   and only do what's needed in order to make the settlement
24   conference on March 31 productive.  So I think we have resolved
25   everything.  Mr. Parsons has produced some but not all
```

1 documents. And I am producing some documents this week.

2 So that's all that's happened in terms of the case.
3 As you know, we filed motions to amend, which your Honor
4 correctly said required first my efforts to get Mr. Parsons'
5 consent. So we since discussed it.

6 There are two types of amendments. One is amending
7 our affirmative defenses to the counterclaims. And I believe
8 Mr. Parsons will not object or will consent to making those
9 additional affirmative defenses in our answer.

10 The second we were stuck on, we had -- for reasons
11 which your Honor is probably already familiar, in our original
12 complaint we had a claim of setoff. This case is very similar
13 to ADTR in that Victory is claiming that the band has delivered
14 only three of four required albums. The band has said they
15 delivered all four.

16 Victory started withholding royalties in 2013, based
17 upon a setoff claim which we are now aware, because of your
18 Honor's ruling in ADTR, is not a cognizable claim in Illinois.
19 So we want to withdraw that claim and substitute it with a
20 repudiation claim.

21 Mr. Parsons' issue with that is that it's inconsistent
22 with our claim for breach of contract and potentially
23 injunctive relief if we seek it, if Mr. Kalnoky tries to get a
24 record deal with somebody else.

25 MR. PARSONS: And, your Honor, this is Mr. Parsons.

1                And I think I get to cut to the chase.  I don't think
2    I am going to oppose the motion to amend the complaint.  I had
3    two discrete issues with it that Mr. Meloni and I discussed.
4    No. 1, there was a claim for copyright infringement alleged
5    with respect to an album that Mr. Kalnoky released as a solo
6    artist.  And as you know, to maintain a copyright infringement
7    claim, the party claiming copyright infringement has to have
8    registered the copyright or applied to the copyright office and
9    been denied registration.
10               I discussed with Mr. Meloni whether that had been
11   done.  He is going to provide me with documents to substantiate
12   whether or not that has been done this week.  And so I will be
13   able to determine whether to -- whether I have an issue with
14   that copyright infringement claim at that time.
15               The other discrete issue is maybe more of a
16   theoretical issue at this point.  And I don't think it's going
17   to justify opposing the motion to amend at this point.  But my
18   issue is, my -- and maybe I said it's a theoretical issue -- is
19   whether a party can allege on the one hand that a contract has
20   been repudiated and withhold -- and refuse to perform under
21   that contract by withholding royalties and saying that they
22   won't pay royalties.  And then on the other hand, say, if the
23   other party tries to go and perform for somebody else and earn
24   a living for somebody else, well, we're not going to pay you
25   royalties.  And we're going to -- we're going to treat the

1  contract as repudiated for the purpose of avoiding paying
2  royalties.  But on the other hand, we're going to treat the
3  contract as in force for preventing you from performing for
4  anyone else.
5          So again, this -- this may be a theoretical issue at
6  this point.  So I don't want to get us bogged down.  But that
7  was my issue.
8          THE COURT:  All right.  So, Mr. Meloni, why don't you
9  go ahead and make sure that, if you haven't done so already,
10 sounds like you have, make sure that Mr. Parsons gets to see
11 what your amendments would be.  And if it's not objected to,
12 just go ahead and file it.  Okay?
13         MR. MELONI:  Fine.
14         THE COURT:  All right.  Very good.
15         So assuming that hopefully the parties will be able to
16 come to some sort of resolution on March 31.  But assuming that
17 this litigation needs to continue, we have a fact discovery
18 cutoff date that I originally set in this case of the end of
19 May.
20         How many depositions do the parties anticipate needing
21 after the settlement conference if the parties are unable to
22 settle?
23         MR. MELONI:  This is Robert Meloni.  Right now I can
24 only think of one, Mr. Kalnoky.  But there may be a group of
25 minor players, other band members.  But I really haven't

1 decided yet.  But that's all I have right now.

2 　　　　THE COURT:  Okay.  Mr. Parsons?

3 　　　　MR. PARSONS:  Yeah, I would say maybe a handful, four,
4 five depositions, Victory personnel.  But that's about it.

5 　　　　THE COURT:  Okay.  All right.  So let's go ahead and
6 set this case for further status.  We have a settlement
7 conference on the 31st.

8 　　　　We will set it for the week of April 10, perhaps later
9 in the week, Carmen.

10 　　　　THE CLERK:  April 13 at 9:00 o'clock.

11 　　　　THE COURT:  Okay.  Thank you very much for the update.

12 　　　　MR. MELONI:  Okay.  Thank you, your Honor.

13 　　(Which were all the proceedings heard in this case.)

14 　　　　　　　　　　　　　　CERTIFICATE

15 　　　　I HEREBY CERTIFY that the foregoing is a true, correct
16 and complete transcript of the proceedings had at the hearing
17 of the aforementioned cause on the day and date hereof.

18

19 　/s/Alexandra Roth　　　　　　　　　　　　　　　3/6/2017
　　_____　　　　_____
20 　Official Court Reporter　　　　　　　　　　　　　Date
　　U.S. District Court
21 　Northern District of Illinois
　　Eastern Division

22

23

24

25